

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

June 2, 1939

Honorable M. L. Washburn
County Auditor
Houston, Texas

Dear Sir:

Opinion No. 0-832
Re: Is the appointment of an
assistant to the County
Auditor of Harris County
legal, where the princi-
pal duty of the assistant
is to give legal advice
to the Auditor touching
his official duties?

We have your letter of May 18th in which you submit
a question which we have above restated.

Article 1650, Vernon's Annotated Statutes, provides
for assistant county auditors, and the manner of their ap-
pointment. The pertinent parts of said Article are as fol-
lows:

"The county auditor of any county in this
State may, at any time, with the consent of the
District Judge or District Judges having juris-
diction as hereinafter provided, appoint a
first and other assistants who shall be author-
ized to discharge such duties as may be assign-
ed to them by the county auditor and provided
for by law. * * * The county auditor shall pre-
pare a list of the number of deputies sought to
be appointed, their duties, qualifications and
experience, and the salaries to be paid each,
and shall certify the list to the District Judge,
or in the event of more than one District Judge
in the county, to the District Judges, and the
District Judge or the District Judges shall then

carefully consider the application for the appointment of said assistants and may make all necessary inquiries concerning the qualifications of the persons named, the position sought to be filled and the reasonableness of the salaries requested, and if, after such consideration, the District Judge, or in the event of more than one District Judge, a majority of the District Judges shall approve the appointments sought to be made or any number thereof, he or they shall prepare a list of the appointees so approved and the salaries to be paid each and certify said list to the Commissioners' Court of said county. The Commissioners' Court shall thereupon order the amount paid from the General Fund of said county upon the performance of the services; and said court shall appropriate adequate funds for the purpose."

You state that you appointed an assistant, having the qualifications of an attorney; certified to the seven District Judges of Harris County his name, qualifications, experience, the amount of salary to be paid him, the duties he was to perform, the principal one being to give you legal advice touching your official duties, and asked that his appointment be confirmed. The Judges took the application under consideration, approved the appointment, certified their action to the Commissioners' Court of Harris County, whereupon the appointee qualified as an assistant, assumed his duties which he has ever since performed most effectively.

You further state that some person, not an official, has raised the question of the validity of the appointment on the ground that the assistant is an attorney, and his principal duty is to give you legal advice touching your official duties. We infer from your letter that no legal proceedings have been instituted to test the legality of the appointment and none are contemplated, but the question is submitted solely for your information, guidance and satisfaction.

The office of county auditor is a very important one as regards the fiscal affairs of a county. It is a matter of common knowledge that the duties of the County Auditor of Harris County extend to many political subdivisions not found in any other county of the state; the business affairs of the county are varied and extensive. The auditor is daily confronted with many legal questions involving the validity of numerous contracts made by the county and other agencies which

he must approve or reject, and many other legal questions frequently arise in connection with his official duties. Some of these legal questions are such as are common to all county auditors, while others are applicable only to the County Auditor of Harris County. Articles 1651 to 1666, inclusive, and Articles 1667, as amended, to 1672, inclusive, R.C.S.; Articles 1656a and 1656b, Vernon's Ann. Statutes; and Chapter 15, Acts of the Special Session, 42d Legislature, amending Harris County Road Law, Chap. 17, Acts of the Reg. Sess. 33d Legislature.

The statute prescribes no qualifications for an assistant county auditor. An assistant may be a clerk, stenographer, bookkeeper, certified public accountant, clerk, file clerk, typist, etc., and regardless of the duty performed by any employee of a county auditor each and every employee is necessarily an assistant county auditor because the statute makes no provision for the appointment of any kind of employee by the auditor other than "assistants" or "deputies," which terms are used interchangeably in Art. 1650, although their respective meaning is not ordinarily synonymous; the language used indicates that the terms were intended to be synonymous.

The Legislature has made it the duty of district and county attorneys, the Criminal District Attorney of Harris County and the Attorney General to give legal advice to county auditors about matters touching or concerning their official duties. Articles 334, 4399, Revised Statutes, and Article 52-43, Vernon's Code of Criminal Procedure.

Under the facts stated, and the statutes above mentioned, the question is: Was the appointment of the assistant county auditor legal?

The appointment was regularly made. The requirements of the statute governing the appointment was strictly complied with. If held illegal, it must be upon the sole ground that the principal duty the assistant performs is a duty placed by statute exclusively upon the Criminal District Attorney of Harris County and the Attorney General. It must be remembered that this assistant performs duties other than to give you legal advice. We find no inhibition in the statute against a county auditor consulting with or receiving advice from his assistants about questions involving his official duties. It is possible and in some instances highly probable that an auditor may have an assistant far better qualified than he is to pass upon legal ques-

tions arising in the office. Do the statutes contemplate that the auditor may not seek his advice? We do not think so. Neither do we believe that the statutes authorizing a county auditor, or any other official, to seek legal advice from his county or district attorney, or the Attorney General, contemplate that he will ask for a legal opinion from these officials about every official duty he is required by law to perform. It is true that the statutes do not limit his right to ask for advice about questions, the answers to which he is in doubt, but of necessity he must decide. There are many questions which daily arise in the performance of his official duties. In the instant case, the assistant is either an attorney or possesses the qualifications of an attorney. It is presumed that he is capable of rendering valuable service to you because of his legal training and knowledge. Hence, when you are in doubt as to the validity of any contract, the correctness of any legal form, or any question upon which it is your official duty to determine, you may decide the question yourself, or you may seek the advice of one or more of your assistants. If still in doubt, you have the authority to request an opinion from your Criminal District Attorney, or the Attorney General, or from both of them, which opinion, when received, should govern your official action.

It is not presumed that you intended that the advice of the assistant should control when contrary to the view of the Criminal District Attorney or the Attorney General, or that the duties he performs should supersede those of the officials named, but to be in aid thereof.

Again, we think it is clear that the statutes impose no duty upon either the Criminal District Attorney or the Attorney General to prepare legal forms for you or to perform other duties peculiarly applicable to your office.

The facts further disclose that the several eminent District Judges who authorized this appointment did so after and "extended investigation." Such investigation necessarily involved not only all of the information contained in your written application for permission to make the appointment but the very legal question before us. All of these gentlemen are learned in the law; have taken the constitutional oath of office; had full knowledge of all the provisions of the statutes pertinent to the question; and being thus fully advised decided that the appointment could be legally made; granted your application for permission to make same, whereupon you did make it. Their decision virtually forecloses the question.

It is our opinion, and you are so advised, that the appointment was legal, and the question is answered in the affirmative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Bruce W. Bryant

Bruce W. Bryant
Assistant

BWB-MR

APPROVED:

Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN